**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARLOS M. SILVA, et al.,

    Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE
CORPORATION, et al.,

    Defendants.

Civil Action No. 15-1514 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Federal National Mortgage Association[1], Fannie Mae Remic Trust 2005-5, Bank of America, N.A., and Mortgage Electronic Registration Systems, Inc.'s ("MERS") (collectively, "Moving Defendants") motion to dismiss pro se Plaintiffs Carlos M. Silva and Judite Silva's ("Plaintiffs") Complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 5.) Plaintiffs submitted a "response, objection and rebuttal" to Moving Defendants' motion. (ECF No. 7.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Moving Defendants' motion to dismiss is granted.

---

[1] Moving Defendants assert that Plaintiffs' Complaint incorrectly identifies "Federal National Mortgage Corporation" as a defendant, which is not an actual entity. Instead, Federal National Mortgage Association filed an appearance and joined in Moving Defendants' motion to dismiss. (Defs.' Moving Br. 1 n.1, ECF No. 5-1.)

## I. Background

Plaintiffs, proceeding pro se, filed a forty-three page Complaint against Moving Defendants and Defendant Americus Mortgage Corporation, formerly known as Allied Home Mortgage Capital Corp. ("Allied")[2], in relation to Plaintiffs' property located at 11 Stanford Drive, Unit 8, Bridgewater, New Jersey (the "Property"). (*See generally* Compl., ECF No. 1.) Plaintiffs allege that on December 21, 2004, they executed a Note with Allied, and, as collateral to the Note, executed a Mortgage on the Property to MERS, as nominee. (*Id.* ¶ 7.) On December 27, 2004, the Mortgage was recorded with the Somerset County Clerk. (*Id.*) Plaintiffs assert that the purpose of entering into the Note and Mortgage "was for Plaintiffs to eventually own the Property," however, "[t]hat purpose was knowingly and intentionally thwarted and indeed made impossible by Defendants' combined actions. . . ." (*Id.* ¶ 8.) Specifically, Plaintiffs allege that Defendants "have unlawfully sold, assigned and/or transferred their ownership and security interest in [the] Note and Mortgage related to the Property, and, thus do not have lawful ownership or a security interest in Plaintiffs' [Property]." (*Id.* ¶ 14.)

Although Plaintiffs' Complaint is lengthy, the factual allegations contained within the Complaint are minimal. Specifically, Plaintiffs assert that they "executed a series of documents including but not limited to a Note and Mortgage, securing the Property in the amount of the Note"

---

[2] Allied has not moved to dismiss this action. The claims asserted against Allied are identical to those claims before the Court by way of Moving Defendants' motion to dismiss. A court dismissing claims against moving defendants may sua sponte dismiss identical claims against non-moving defendants. *See Michaels v. State of N.J.*, 955 F. Supp. 315, 331 (D.N.J.1996). Therefore, the Court dismisses the claims against Allied for the same reasons the claims against Moving Defendants are dismissed.

and the "original beneficiary and nominee under the Mortgage was MERS." (*Id.* ¶ 34.) Additionally,

> [t]he beneficial interest of the Silva Mortgage has been recorded in the Official Records of the Somerset County Clerk's Office as being in the name of [Allied], the Original lender of the loan dated December 21, 2004. However it is clear that Allied sold all ownership interest in the Silva intangible obligation to multiple classes of the FNMA-2005-5 Trust shortly after the December 21, 2004 signing.

(*Id.* ¶ 40.) Plaintiffs assert, on information and belief, that the Note and Mortgage were "not properly assigned and/or transferred to Defendants operating the pooled mortgage funds or REMIC trusts in accordance with the requirements of the Trust." (*Id.* ¶ 35.) Further, Plaintiffs assert that "only a beneficial interest in the loan was transferred to the REMIC trust" and "the Mortgage has not been legally assigned to any other party or entity." (*Id.* ¶¶ 38-39.) Plaintiffs allege that an "expert certified forensic" audited Plaintiffs' loan documents and found that Plaintiffs' Note was required to go through certain events before it reached the Trust. (*Id.* ¶ 32.)

Based on these facts, Plaintiffs essentially allege that Defendants have no right or interest in the Note or Mortgage because of the securitization of Plaintiffs' Mortgage and alleged defects in the chain of title to the Note. Plaintiffs bring claims for: (1) lack of standing; (2) fraud in the concealment; (3) fraud in the inducement; (4) fraudulent conveyance; (5) quiet title; (6) declaratory relief; (7) breach of contract; and (8) rescission. (*See generally* Compl.)

## II. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a

3

"defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Additionally, in determining the sufficiency of a pro se complaint, the court must be mindful to accept its factual allegations as true and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). The "[c]ourt need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

III. <u>Analysis</u>

    A. **Count One (lack of standing) and Count Eight (rescission)**

Count One of Plaintiffs' Complaint asserts a cause of action for "lack of standing," and Count Eight of Plaintiffs' Complaint asserts a cause of action for "rescission." Neither lack of standing nor rescission is a cause of action under New Jersey or federal law. Instead, standing of

a party goes to a court's subject matter jurisdiction and rescission is a remedy a party may seek. Accordingly, Counts One and Eight of Plaintiffs' Complaint are dismissed with prejudice.

### B. Count Two (fraud in the concealment), Count Three (fraud in the inducement), and Count Four (fraudulent conveyance)

In Count Two of the Complaint, Plaintiffs allege that Defendants "concealed the facts that the Loans were securitized as well as the terms of the Securitization Agreements," including that the "loan changed in character inasmuch as no single party would hold the Note." (Compl. ¶ 97.) Plaintiffs allege in Count Three that Defendants intentionally misrepresented that they were the owner of the Note and beneficiary of the Mortgage, however, an audit revealed that "the original lender allegedly sold the mortgage loan to Fannie Mae REMIC Trust 2005-5." (*Id.* ¶ 104.) Based on these allegations Plaintiffs assert that they "are making payments to an entity that has not proven the legal right to collect those payments." (*Id.*) Additionally, in Count Four, Plaintiffs argue that a transfer of a mortgage without recording it within thirty days, and proper notification, is a fraudulent conveyance. (*Id.* ¶ 109.)

When asserting fraud claims, a "plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417 (3d Cir. 1997). Rule 9(b) requires that, "the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* (internal quotation marks omitted). To meet this requirement, the plaintiff must plead or allege the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "To establish a common-law fraud claim, a plaintiff must prove: (1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that

the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Coleman v. Deutsche Bank Nat. Trust Co.*, No. 15-1080, 2015 WL 2226022, at *7 (D.N.J. May 12, 2015) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)). "Thus, basic tenets of pleading fraud in New Jersey requires Plaintiff to state the 'who, what, when, and where' details of the alleged fraud." *Id.* (citing *Saporito v. Combustion Eng'g Inc.*, 843 F.2d 666, 675 (3d Cir. 1988), *vacated on other grounds*, 489 U.S. 1049 (1989) (complaint dismissed where it alleged "the general content of the representations," but did not specify "who the speakers were . . . or who received the information")).

Here, Plaintiffs' fraud claims fail to state a claim for numerous reasons: (1) Plaintiffs failed to plead or identify any specific assignments or that they were a party to the alleged fraudulent assignment; (2) Plaintiffs plead only conclusory allegations of fraudulent mortgage assignments; (3) the allegedly concealed facts are not material as Plaintiffs failed to allege that they altered the bargained-for terms of the Note and Mortgage; and (4) Plaintiffs do not adequately allege that they were damaged as a result of any alleged securitization. Plaintiffs concede that the Note and Mortgage allow for the transfer of possession. Additionally, Plaintiffs have not, and cannot, identify any duty that would require Defendants to disclose the alleged post-closing securitization of the loan. *See United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997) (a lender-creditor relationship in New Jersey is not a fiduciary relationship and is considered in essence adversarial). Accordingly, Counts Two, Three, and Four are dismissed without prejudice.

### C. Count Five (quiet title)

In Count Five, Plaintiffs allege that they own the Property; all Defendants assert an interest in the Property; and Defendant Fannie Mae Remic Trust 2005-5 asserts it is the owner of the

6

Mortgage. Additionally, Plaintiffs allege that none of the Defendants holds a perfected and secured claim in the Property, and thus, Plaintiffs will incur fees and future expenses.

"Pursuant to New Jersey's quiet title statute, a plaintiff may maintain an action to 'clear up all doubts and disputes concerning' competing claims to land." *Coleman*, 2015 WL 2226022, at *3 (citing N.J.S.A. 2A:62-1). The Complaint "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that the defendant will be distinctly apprised of its location or character." N.J. Ct. R. 4:62-1. "In accordance with the statute, a plaintiff should spell out the nature of the competing claims in his complaint." *Coleman*, 2015 WL 2226022, at *3 (citing *Espinoza v. HSBC Bank, USA, Nat'l Ass'n*, No. 12-4878, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013)). Additionally, "a plaintiff must allege facts showing that a defendant's competing interest is wrongful." *Id.* (citing *English v. Fed. Nat'l Mortg. Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013)). "But a conclusory allegation that Defendant's claim to title is invalid is insufficient to state a claim for quiet title." *Gonzalez*, 2015 WL 3648984, at *4 (citing *Cabeza v. Fed. Home Loan Mortg. Corp.*, No. 15-1589, 2015 WL 2226024, at *4 (D.N.J. May 12, 2015) (dismissing quiet title claim based on allegation that assignment of mortgage was invalid)).

Here, Plaintiffs' claim to quiet title is based only on conclusory factual allegations regarding the superiority of Plaintiffs' title and Plaintiffs' questioning of the validity of the Mortgage's assignment. Mere allegations of superiority and validity are insufficient to establish a claim for quiet title. *See Reyes v. Governmental Nat'l Mortg. Ass'n*, No. 1564, 2015 WL 2448962, at *3 (D.N.J. May 21, 2015) ("[C]onclusory allegations regarding the invalidity of the loan documents are insufficient to state a quiet title claim."); *Boykin v. MERS/MERSCORP*, No. 11-4856, 2012 WL 1964495, at *5 (D.N.J. May 31, 2012). Furthermore, Plaintiffs concede they still

7

owe approximately $80,000 in repayment of the loan. Accordingly, because Plaintiffs fail to set forth any specific facts supporting the invalidity of the Note, the Mortgage, or any assignment, Count Five is dismissed without prejudice.

### D. Count Six (declaratory relief)

In Count Six of the Complaint, Plaintiffs seek a declaratory judgment "finding that the Note and Mortgage were never placed in the REMIC Trust and the Defendants and the Trust have no power over the mortgage." (Compl. ¶ 126.) The Declaratory Judgment Act provides that, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, "[t]here must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987). "The Court . . . finds that a request for a declaratory judgment is improper because the Complaint, on its face, does not present questions of conflicting legal interests, but instead is an attempt by *pro se* Plaintiff[s] to seek legal advice from the Court." *Coleman*, 2015 WL 2226022, at *3. Accordingly, Count Six is dismissed without prejudice.

### E. Count Seven (breach of contract)

In Count Seven, Plaintiffs assert that Defendants breached the Mortgage, which states: "Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument . . . ." (Compl. ¶ 128.) Thus, Plaintiffs assert that "Defendants did not do what the contract required them to do." (*Id.*) Plaintiffs, however, concede they have not fully repaid the loan and that there is approximately $80,000 still outstanding. Based on these allegations,

8

Plaintiffs' claim for breach of contract fails as a matter of law. Accordingly, Count Seven of Plaintiffs' Complaint is dismissed with prejudice.

## IV.    Conclusion

For the reasons set forth above, Moving Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** December 23, 2015